UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALLEN PENA; aka PENA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-334 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER ON PENDING MOTIONS

In this petition filed pursuant to 28 U.S.C. § 2254, Petitioner, an inmate at TDCJ's Allred Unit in Iowa Park, Texas, challenges his felony conviction and ten-year sentence for Evading Arrest Using a Motor Vehicle imposed by the 319th District Court of Nueces County, Texas (D.E. 1). Petitioner's application for leave to proceed *in forma pauperis* was granted, and the magistrate judge ordered service of process on August 13, 2014 (D.E. 6). Respondent was given an extension of time to file his answer, which is due November 7, 2014 (D.E. 29).

Pending are Petitioner's motions (1) to alter the judgment (D.E. 33); (2) for relief from judgment (D.E. 34); (3) to amend (D.E. 35); and (4) for the Clerk to render service (D.E. 37).

Petitioner's motions to alter the judgment, for relief from judgment, and to amend the judgment (D.E. 33, 34, 35) are premature post judgment motions. There has been no judgment entered by the court; hence there is no judgment to alter, amend, or grant relief from. Petitioner's motions (D.E. 33, 34, 35) are denied.

Petitioner's Motion for the Clerk to Render Service (D.E. 37) appears to be a request for entry of default and default judgment.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend a lawsuit in federal court and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default. FED. R. CIV. P. 55(a).  Although no Fifth Circuit precedent was located, several circuits have held that the entry of default in habeas corpus proceedings is inappropriate.  *Allen v. Perini*, 424 F.2d 134 (6th Cir. 1970); *Stines v. Martin*, 849 F.2d 1323 (10th Cir. 1988); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987); *United States ex rel Mattox v. Scott*, 507 F.2d 919 (7th Cir. 1974); *Bermudez v. Reid*, 733 F.2d 18 (2d Cir. 1984).  Generally, these circuit courts have required the district courts to review the merits, and to grant relief only if the court finds evidence to establish a claim of unlawful detention.  *Stines*, 849 F.2d at 1324.  An exception to the general rule would be where the delay itself rises to the level of a due process violation.  *Id*. at 1324 (citing *Ruiz v. Cady*, 660 F.2d 337, 341 n. 5 (7th Cir. 1981)).   Minor delays do not give rise to a due process violation.  *Stines*, 849 F.2d at 1324.

In any event, Respondent is not in default.  Respondent requested and was given an extension of time, until November 7, 2014, to file a responsive pleading.  Petitioner's Motion for the Clerk to Render Service, construed as a motion for entry of default and default judgment (D.E. 37), is denied.

ORDERED this 17th day of October, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE