UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALLEN PENA; aka PENA, | § | |
| | § | |
| Petitioners, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-334 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Allen Pena is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division ("TDCJ-CID") and currently is incarcerated at the Allred Unit in Iowa Park, Texas.  The actions about which he complains occurred in Nueces County, Texas.  Proceeding *pro se*, Petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on August 4, 2014.[1]  The underlying conviction which is the subject of the petition is a 2012 Nueces County conviction for evading arrest and/or detention using a motor vehicle.  Petitioner claims that his constitutional rights were violated during the trial and appellate proceedings.  Respondent filed a motion for summary judgment on November 7, 2014 (D.E. 45) and Petitioner has filed several documents which are construed as responses (D.E. 50, 54, 56, 59, 60, 64, 65).[2]  For the reasons set forth below,

---

[1] Petitioner stated under penalty of perjury that he placed his petition in the prison mail system on August 4, 2014 and it is considered filed as of that date.  *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases.
[2] The Petitioner designated, and the Clerk docketed, two of the entries as motions (D.E. 59 [motion for adequate response], and D.E. 60 [motion for brief in support]), but the documents are actually direct responses to the Respondent's motion for summary judgment.  The Clerk shall terminate the pleadings to the extent those pleadings are

it is recommended that Respondent's Motion for Summary Judgment be granted and Petitioner's Application for Habeas Corpus Relief be denied. It is further recommended that any request for a Certificate of Appealability be denied.

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331. Petitioner was convicted in Nueces County, Texas. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

**A. Background**

Testimony at trial indicated that police officers received a dispatch to be on the lookout for a particular vehicle early in the morning of October 5, 2011. Officer Thomas Nichols spotted the vehicle in a convenience store parking lot, approached it, and told the driver to show his hands (3 RR 35-39; D.E. 32-13 at 12-13). Petitioner, who was in the car, accelerated out of the parking lot and led Nichols on a chase through city streets. His speed sometimes approached 100 miles per hour and he did not stop for red lights or stop signs (3 RR 39-42; D.E. 32-13 at 13-14). Petitioner crashed the vehicle, exited, looked at Nichols and took off running (3 RR 42; D.E. 32-13 at 14). Nichols noted that Petitioner was wearing a San Antonio Spurs jersey (3 RR 42; D.E. 32-13 at 14).

A short time later Petitioner was arrested after he was seen walking down the sidewalk about one hundred yards from where the vehicle had been wrecked. He was

---

docketed as motions. All were considered in response to Respondent's motion for summary judgment.

swearing a Spurs jersey that had been turned inside out (4 RR 74-81; D.E. 32-14 at 22-24). A gun was found in the wrecked car (4 RR 31-32; D.E. 32-14 at 11).

Petitioner was charged with using a vehicle to evade lawful arrest or detention by a peace officer and also with possessing a firearm within five years of release from confinement or supervision following conviction of a felony. Petitioner had a previous conviction for felony family violence assault (3 RR 4-6; D.E. 32-13 at 4-5). Petitioner pleaded not guilty to both charges and was tried by a jury, which acquitted him on the firearm charge and convicted him on the charge of evading arrest (4 RR 136; D.E. 32-15 at 1). The jury assessed punishment at ten years in TDCJ-CID and also fined Petitioner $10,000 (4 RR 242; D.E. 32-15 at 28).

Prior to being tried on the evading arrest and firearm charges, Petitioner had been tried and acquitted on an aggravated robbery charge. The events which formed the basis of the robbery charge apparently occurred shortly before the events which formed the basis of the other charges (*See* 3 RR 12-22; D.E. 32-13 at 6-9).

Petitioner filed a direct appeal and the Thirteenth Court of Appeals affirmed his conviction on August 8, 2013. *Pena v. State*, No. 13-12-00377-CR, 2013 WL 4036467 (Tex. App. – Corpus Christi 2013, pet. ref'd)(not designated for publication)(located herein at D.E. 32-5). Petitioner sought a petition for discretionary review and it was refused on December 18, 2013. *Pena v. State*, PDR No. 1478-13 (D.E. 32-19).

Petitioner next filed an application for habeas relief in state court on April 10, 2014. *Ex Parte Pena*, WR-81,352-01 at 2-25; (D.E. 32-18 at 5-28). The trial court entered findings of fact and conclusions of law on May 6, 2014, recommending that relief

be denied. *Id.* at 88 (D.E. 32-19 at 28). On June 25, 2014, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing. *Id.* at "Action Taken" page (D.E. 32-17).

On May 20, 2014, Petitioner filed a second state habeas application. *Ex Parte Pena*, WR-81,352-02 at 2-18 (D.E. 32-22 at 4-20). The trial court entered findings of fact and conclusions of law on June 26, 2014, once again recommending that relief be denied. *Id.* at 53 (D.E. 32-22 at 55). The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on August 20, 2014. *Id.* at "Action Taken" page (D.E. 32-20).

Petitioner filed a third application for habeas corpus relief on July 8, 2014. *Ex Parte Pena*, WR-81,351-03 at 2-19 (D.E. 32-26 at 4-21). The trial court recommended that the petition be dismissed because the application was non-compliant with Tex. R. App. Proc. 73.1 and the Texas Court of Criminal Appeals did so on August 13, 2014. *Id.* at "Action Taken" page (D.E. 32-23).

Petitioner filed this federal petition on August 4, 2014 and makes the following arguments:

(1) There was no evidence to support his conviction;

(2) He received ineffective assistance of counsel on appeal;

(3) The prosecution relied on illegally obtained evidence;

(4) The prosecution withheld exculpatory evidence;

(5) He received ineffective assistance of trial counsel;

(6) He is actually innocent of the charge;

(7) There was insufficient evidence to support his conviction;

(8) He should have been allowed to enter a plea of autrefois acquit;

(9) The prosecution relied on prejudicial testimony;

(10) The doctrine of carving was violated;

(11) He is being subjected to double jeopardy.

In his motion for summary judgment, Respondent contends that some of Petitioner's claims are unexhausted, or procedurally barred, or both, and that the remaining claims are without merit. Respondent concedes that the application was timely filed and is not second or successive. Petitioner counters that all of his claims are exhausted and that he is entitled to habeas relief.

## APPLICABLE LAW

### A. Exhaustion of State Remedies and Procedural Bar

Under the applicable federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir.1995). The exhaustion requirement "is not jurisdictional, but reflects the policy of federal-state comity, which is designed to give state courts the initial opportunity to consider and correct alleged violations of their prisoners' federal rights." *Morris v. Dretke*, 413 F.3d 484, 490-91 (5th Cir. 2005)(citing *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003)). Exceptions exist only where

there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B). A petitioner may exhaust his state court remedies by filing either a petition for discretionary review or an application for habeas corpus relief with the Texas Court of Criminal Appeals. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).

If a petitioner fails to exhaust state court remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred, there is a procedural default for purposes of federal habeas. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991). The Texas Court of Criminal Appeals applies the abuse of the writ doctrine regularly and strictly. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995)(citing *Ex Parte Barber*, 879 S.W.2d 889, 892 n. 1 (Tex.Cr.App. 1994)). *See also* Tex. Code Crim. Proc. Art. 11.07 § 4 (subsequent habeas applications barred absent specific exceptions).

There are two exceptions to the procedural bar doctrine. A federal court can review the merits of a habeas claim if a petitioner shows cause for and prejudice from the procedural default. *Rocha v. Thaler*, 626 F.3d 815, 822 (5th Cir. 2010). In addition, a federal court can address the merits of a claim if the petitioner can show that failure to do so would result in a fundamental miscarriage of justice. *Id.* A petitioner can satisfy the fundamental-miscarriage-of-justice exception by showing by a preponderance of the evidence that he is actually innocent of the crime of which he has been convicted. *Id.* at 822-823.

Respondent argues that Petitioner did not present Claims 1-3, 5, 6 or 8 to the Texas Court of Criminal Appeals. A review of Petitioner's state habeas claims indicates that Respondent is correct. Petitioner raised Claims1-3, 6 and 8 in his third state habeas application, but it was dismissed as noncompliant because he did not properly sign it. In Texas writ jurisprudence, a "denial" of a claim indicates that it was adjudicated on the merits while a "dismissal" indicates the court declined to consider the claim for reasons apart from the merits. *Ex Parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). *See also Beazley v Johnson*, 242 F.3d 248, 263 (5th Cir. 2001)(quoting *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993)(to satisfy exhaustion requirement, applicant must present claims to highest state court in procedurally correct manner). Because the merits of the claims were not considered by the Texas Court of Criminal Appeals, they are not exhausted.

If Petitioner attempted to exhaust the claims by presenting them to the Texas Court of Criminal Appeals via a fourth habeas corpus petition, they would be subject to summary dismissal for abuse of the writ under Tex. Code Crim. Pro. 11.07 §4. Accordingly, the claims are unexhausted and procedurally barred and should be dismissed.

Regarding Petitioner's Claim 5 for ineffective assistance of counsel, Respondent argues that although Petitioner raised an ineffective assistance of counsel claim in his earlier state habeas applications, the claim was based on a legal theory distinct from the one he makes in his federal application. In order to exhaust a claim, a petitioner must

fairly present the substance of the claim to the state courts. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001)(internal citations omitted).

However, it appears that Petitioner did raise the same ineffective assistance of counsel claim in his second habeas application as he did in his federal application. *See* Petition, D.E. 1 at 13 and *Ex Parte Pena*, WR-81-352,02 at 11-12 (D.E. 32-22 at 13-14). Accordingly, Petitioner's claim for ineffective assistance of counsel should not be dismissed for failure to exhaust and the merits will be addressed below.

### B. Adequate and Independent State Ground

Respondent also argues that Petitioner's fourth and ninth claims, which are based on allegations of prosecutorial misconduct, are procedurally barred because the state habeas court found that Petitioner waived the claims under the direct appeal default rule. A federal court is barred from reviewing a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent and adequate to support the judgment. *Coleman*, 501 U.S. at 729. "The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds." *Id.* at 729-730.

Petitioner raised his claims regarding prosecutorial misconduct in his state habeas, but the trial court recommended they be denied because Petitioner had not raised them on

direct appeal.³ The Texas Court of Criminal Appeals adopted the findings of the trial court. The "direct appeal default rule" is well-established under Texas law and the Fifth Circuit Court of Appeals has acknowledged the Texas courts' application of the rule as a bar to federal habeas review. *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994).

A petitioner can overcome the procedural bar by showing cause and prejudice for the default. *Dretke v. Haley*, 541 U.S. 386, 388 (2004). If a defendant is represented by constitutionally effective counsel under the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984), the existence of cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded his counsel's efforts to comply with the State's procedural rule. Generally, that standard requires a showing that the factual or legal basis of the claim was not reasonably available to counsel or that some interference by officials made compliance impracticable. *Murray v. Carrier*, 477 U.S. 478, 488 (1986)(internal citations omitted). In addition, ineffective assistance of counsel may be asserted as a cause of procedural default, although it must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. *Id.*, 477 U.S. at 489.

Petitioner has not shown that any objective factor external to the defense impeded his counsel's ability to comply with the procedural rule. To the contrary, he offers only his conclusory allegations that his claims are valid and not procedurally barred. Thus,

---

³ *See Ex Parte Webb*, 270 S.W.3d 108, 111 (Tex. Crim. App. 2008)(factual basis of claim that was known at time of trial could have been raised on direct appeal and is not cognizable on habeas).

Petitioner's fourth and ninth claims based on prosecutorial misconduct should be dismissed because federal review of the claims is procedurally barred.

## C. Merits of Remaining Claims

### (1) Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2241-2255 (AEDPA), a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d) (West 1996).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). Although "unreasonable" is difficult to define, the Supreme Court noted that it is an objective, rather than subjective, standard and emphasized that there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous"

application of federal law. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001)(citing *Williams*, 120 S.Ct. at 1522-1523).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A federal habeas court must determine what theories or arguments supported, or could have supported, the state court's decision. Then it must ask whether it is possible that fair-minded jurists could disagree that the arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *Harrington*, 131 S.Ct. at 786. Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

The standard is very difficult to meet. "As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court litigation of claims already rejected in state proceedings. . . . It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther." *Id.* "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-787.

If a decision by a state court is silent as to the reasons for the refusal, a federal habeas court can "look through" the decision and evaluate the last reasoned state court

decision. *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999). A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006)(citations omitted). This deference extends not only to express findings of fact, but to the implicit findings of the state court. *Id.* In addition, "where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 131 S.Ct. at 784.

### (2) Ineffective Assistance of Trial Counsel

To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). He must show that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable. *Id.*, 466 U.S. at 687-88. Petitioner must show "significant prejudice" in a noncapital context. *Armstead v. Scott*, 37 F.3d 202 (5th Cir. 1994)(citing *Spriggs v. Collins*, 993 F.2d 85, 88, n. 4 (5th Cir. 1993)).

Judicial scrutiny of counsel's performance must be highly deferential and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. A court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A petitioner must identify the acts or omissions of

counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Id.*, 466 U.S. at 690.

> An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S. at 689-690, 104 S.Ct. 2052. . . . Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.*, at 689, 104 S.Ct. 2052; . . . The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052.

*Harrington*, 131 S.Ct. at 788. In addition, federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). "When § 2254 (d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

Petitioner asserts that his attorney was ineffective for failing to object when the prosecutor withheld exculpatory evidence and also coached and coerced witnesses to lie when they testified. However, Petitioner does not identify the evidence withheld, the testimony he believes was untruthful, or the particular objections his attorney should have made. Rather, he makes only conclusory allegations which are insufficient to maintain a cause of action for habeas corpus relief. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir.

1983).  Without more, Petitioner cannot show that the state court's conclusion that Petitioner received effective assistance of counsel was objectively unreasonable under the AEDPA standard and judgment should be entered for Respondent on this issue.

### (3) Insufficient evidence

Petitioner argues that there was insufficient evidence to support his conviction because the record did not indicate why law enforcement officers were told to be on the lookout for Petitioner's vehicle and also because there was no video to support the allegation that Petitioner evaded arrest.  When reviewing an application for habeas corpus relief based on a claim of insufficient evidence, the relevant question is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Petitioner raised this issue on direct appeal and also in his state habeas application. The Thirteenth Court of Appeals found that sufficient evidence supported the conviction because at least from the point that Petitioner committed traffic violations in view of Officer Nichols, the officer had reasonable suspicion to detain him and was attempting to effectuate a lawful arrest when Petitioner led him on a high-speed chase through a populated area.  *Pena*, 2013 WL 4036467 at *6-7 (D.E. 32-19 at 16-17).  The state habeas court denied relief because Petitioner had raised the claim on direct appeal and it was barred by the law of the case doctrine.  *Ex Parte Pena*, WR-81,352-01 at 88 (D.E. 32-19 at 28).  Petitioner has not shown that the determination that the conviction was

supported by substantial evidence is contrary to Supreme Court precedent. Accordingly, it is recommended that judgment be entered for Respondent.

**(4) Doctrine of Carving**

Petitioner argues that his conviction violated the doctrine of carving because he was previously acquitted of aggravated robbery which he asserts encompassed the charge of evading arrest. The "doctrine of carving" refers to an interpretation of the prohibition of double jeopardy which provided that a state could carve only one prosecution out of one criminal transaction. *Ephraim v. State*, 237 S.W.3d 438, 440, n. 3 (Tex. App. Texarkana 2007, pet. ref'd). However, the doctrine of carving was overruled and abandoned in Texas in *Ex parte McWilliams*, 634 S.W.2d 815 (Tex. Crim. App. 1982). *Ephraim*, 237 S.W.3d at 440, n. 3. Because the doctrine of carving is no longer valid law in Texas, it cannot support a claim for habeas relief. Thus, it is recommended that Petitioner's cause of action based on the doctrine of carving be denied.

**(5) Double Jeopardy**

Petitioner contends that he was subjected to double jeopardy because he was acquitted on the aggravated robbery charge prior to being tried on the evading arrest charge and the elements of both crimes were the same. The Fifth Amendment guarantee against double jeopardy is made enforceable against the states through the Fourteenth Amendment and protects against three violations: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction and (3) multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)(citations omitted).

Petitioner argues that the evading arrest charge arose from the same criminal episode as the aggravated robbery charge and that he is being subjected to a second prosecution for the same offense after acquittal. In *Austin v. Cain*, 660 F.3d 880, 887 (5th Cir. 2011), the Fifth Circuit explained the test for determining whether two statutes constitute the "same offense" for purposes of double jeopardy:

> The longstanding test for determining whether two statutes constitute the "same offense" for double jeopardy purposes was first developed in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed.2d 306 (1932). There, the Supreme Court explained that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id*. at 304, 52 S.Ct. 180. A court applying the *Blockburger* test must "focus[] on the statutory elements of the offense. If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes. *Iannelli v. United States*, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975); *see also United States v. Agofsky*, 458 F.3d 369, 371 (5th Cir. 2006)("Under the *Blockburger* test, each offense must contain an element not contained in the other; if not, they are the same offense … and double jeopardy bars subsequent punishment or prosecution.")(internal quotation marks omitted).

In Petitioner's case, the two offenses--aggravated robbery and evading arrest using a motor vehicle--do not share any elements. A person commits aggravated robbery when he unlawfully appropriates property with intent to deprive the owner of property and while doing so causes serious bodily injury or death or uses or exhibits a deadly weapon. Tex. Penal Code § 29.03. A person commits the offense of evading arrest or detention if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him. Tex. Penal Code § 38.04. Under the *Blockburger* test, because each offense requires proof of elements that the other does

not, Petitioner's double jeopardy rights were not violated by prosecution on the evading arrest charge after he was acquitted on the aggravated robbery charge. For that reason, it is recommended that Petitioner's double jeopardy claim be denied.

### D. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. See *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. Daniel*, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional

claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed or denied on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In Petitioner's case, it is recommended that his claims be denied both procedurally and on the merits. Reasonable jurists would not find the assessment of the constitutional claims or the issue of exhaustion debatable or wrong. If the district court orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 45) be granted and Petitioner's application for habeas corpus relief be denied. The following claims should be denied because they are unexhausted and procedurally barred: no evidence to support the conviction; ineffective assistance of counsel on appeal; prosecution's use of illegally obtained evidence; actual innocence; and inability to enter of a plea of autrefois acquit. His claims that the prosecution withheld exculpatory evidence and relied on prejudicial testimony should be

denied because they are procedurally barred from federal habeas review. His remaining claims should be denied on the merits. It is further recommended that a Certificate of Appealability be denied.

Respectfully submitted this 1st day of April, 2015.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).