UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALLEN PENA; aka PENA, | § | |
| | § | |
| Petitioners, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-334 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Respondent William Stephens's motion for summary judgment (D.E. 45), seeking dismissal of Petitioner Allen Pena's Petition for Writ of Habeas Corpus which was filed pursuant to 28 U.S.C. §§ 2241 and 2254 (D.E. 1). On April 1, 2015, United States Magistrate Judge B. Janice Ellington issued her Memorandum and Recommendation ("M&R") (D.E. 74), recommending that Respondent's motion be granted and that a Certificate of Appealability be denied. This Court received Petitioner's timely-filed objections (D.E. 77) on April 14, 2015. Petitioner's objections are set out and discussed below.

Petitioner's first objection, construed liberally, challenges the Magistrate Judge's conclusion that two of his claims—that the prosecution withheld exculpatory evidence and that they relied on prejudicial testimony—are procedurally barred. D.E. 77, p. 4; D.E. 74, pp. 8-10. As the Magistrate Judge discussed, "the general rule that a federal court cannot review the merits of a state prisoner's habeas claim if the claim is procedurally defaulted is subject to two exceptions." *Rocha v. Thaler*, 626 F.3d 815, 822

(5th Cir. 2010). One of those exceptions is when the prisoner can show cause for and prejudice from the procedural default. *Id.* Although the substance of Petitioner's objection is unclear, he seems to offer only conclusory statements that cause and prejudice exist for this Court to review the merits of his two claims. D.E. 77, p. 4. This Court finds no error in the Magistrate Judge's recommendation because Petitioner has failed to show cause and prejudice. D.E. 74, pp. 9-10 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). As such, Petitioner's first objection is **OVERRULED**.

Second, Petitioner objects to the Magistrate Judge's conclusion that his ineffective assistance of appellate counsel claim should be dismissed. D.E. 77, p. 5. Petitioner, however, does not offer a cognizable argument in support of his objection. The Magistrate Judge adequately addressed Petitioner's ineffective assistance of appellate counsel claim, concluding that it was unexhausted and procedurally barred. D.E. 74, p. 7. Seeing no error in the Magistrate Judge's conclusion, Petitioner's second objection is **OVERRULED**.

Petitioner's third and final objection concerns the Magistrate Judge's recommendation that a request for a Certificate of Appealability be denied. D.E. 77, pp. 1-2. Petitioner offers only conclusory statements in support of his objection. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) ("[M]ere conclusory allegations do not raise a constitutional issue in a habeas proceeding."). Finding no error in the Magistrate Judge's recommendation to deny a request for a Certificate of Appealability, Petitioner's third objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R (D.E. 74), as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's M&R to which the objections were specifically directed, this Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondent's motion for summary judgment (D.E. 45) is **GRANTED** and this action is **DISMISSED.** In the event that Petitioner seeks a Certificate of Appealability, the request is **DENIED.**

ORDERED this 17th day of June, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE